IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE NATIONAL SHERIFFS' ASSOCIATION, NATIONAL SERVICE ASSOCIATES, INC. AND BARBARA DOSSEY : : : : : Non-Parties, : v. : : JOSEPH COFFMAN, : 721 Garden Street : Brisol, PA  19007 : : : Defendant. : | No._____ |

# MOTION OF NON-PARTIES NATIONAL SHERIFFS' ASSOCIATION, NATIONAL SERVICE ASSOCIATES, INC. AND BARBARA DOSSEY'S TO QUASH SUBPOENA

For the reasons set forth in the attached non-party memorandum of points and authorities, the National Sheriffs' Association ("NSA"), National Service Associates, Inc. ("NSA, Inc."), and Barbara Dossey ("Movants") respectfully request that the Honorable Court enter an Order in the form attached hereto, quashing the third-party subpoena directed to Movants issued by Brett Benton, Esquire from the law firm of Richard M. Ochroch & Associates, P.C. in Philadelphia, Pennsylvania, as an officer of this Honorable Court related to a matter pending in the United States District Court for the Eastern District of Pennsylvania.  Movants are not parties to the litigation pending in the Eastern District of Pennsylvania.  Counsel for Movants have, without success, conferred with counsel issuing the subpoena in an effort to resolve this matter.  As set forth in greater detail in the accompanying non-party memorandum of points and authorities, this

third-party subpoena must be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(i), (iii), and (iv) and should also be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(B)(i).

          Respectfully submitted,

By: /s/ Harry M. Stern_____
    Harry M. Stern
    Bar No. 20826
    10400 Connecticut Ave., #405
    Kensington, MD  20895
    Phone: 301-946-6857
    Fax : 301-942-8619
    E-mail: HSTERN516@aol.com

    Counsel for National Sheriffs'
    Association, National Service Associates,
    Inc., and Barbara Dossey

Date:  January 22, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NATIONAL SHERIFFS' ASSOCIATION, NATIONAL SERVICE ASSOCIATES, INC. AND BARBARA DOSSEY : : : : : : Non-Parties, : v. : : JOSEPH COFFMAN, : 721 Garden Street : Brisol, PA  19007 : : : Defendant. : | No._____ |

MEMORANDUM OF POINTS AND AUTHORITIES
OF NON-PARTIES NATIONAL SHERIFFS' ASSOCIATION,
NATIONAL SERVICE ASSOCIATES, INC. AND
BARBARA DOSSEY IN SUPPORT OF THEIR
<u>MOTION TO QUASH SUBPOENA</u>

The National Sheriffs' Association ("NSA"), National Service Associates, Inc. ("NSA, Inc."), and Barbara Dossey ("Movants"), by and through their undersigned attorneys, respectfully submit this Memorandum of Law in support of their motion to quash the third-party subpoena directed to Movants and issued by Brett Benton, Esquire from the law firm of Richard M. Ochroch & Associates, P.C. in Philadelphia, Pennsylvania, as an officer of this Honorable Court related to a matter pending in the United States District Court for the Eastern District of Pennsylvania.  Movants are not parties to the litigation pending in the Eastern District of Pennsylvania.  This subpoena must be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(i), (iii), and (iv) and should also be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(B)(i) and (ii).

I.  **ARGUMENT**

On January 15, 2008, NSA, NSA, Inc. and Barbara Dossey were served with a subpoena, seeking the production of documents and the deposition testimony of witnesses on January 25, 2008, with regard to litigation pending in the United States District Court for the Eastern District of Pennsylvania. A true and correct copy of this subpoena is attached hereto and marked as Exhibit "A." Movants are strangers to the Pennsylvania litigation. The subpoena was issued by Brett Benton, Esquire of the law office of Richard M. Ochroch & Associates, P.C. in Philadelphia, Pennsylvania.

As a threshold matter, this subpoena is defective on its face because Mr. Benton failed to provide the witness fee required by 28 U.S.C. §1821 and Fed.R.Civ.P. 45(b)(1). Specifically, §1821 requires that each witness be paid a fee of forty dollars ($40) per day, as well as compensation for travel time and expenses. The subpoena issued by Mr. Benton calls for the attendance of at least three witnesses, Ms. Dossey, representatives of NSA, and representatives of NSA, Inc.[1] Nonetheless, in violation of § 1821 and Rule 45(b)(1), Mr. Benton provided only one check for twenty-five dollars ($25), incorrectly stating that this "represent[ed] the required witness fee."

The subpoena is oppressively broad and calls for the production of voluminous documents related to NSA's and NSA, Inc.'s activities spanning decades with regard to thousands of police officers, sheriffs and constables, as well as the municipalities they serve. Much of this information is confidential to these law enforcement officers and municipalities and

---

[1] The subpoena, itself, is riddled with typographical errors, making it incredibly difficult for NSA, NSA, Inc. and Ms. Dossey to determine who or what is called for in response. Thus, on its face, the subpoena imposes an undue burden upon these non-parties and should be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv).

2

proprietary to NSA and NSA, Inc. Therefore, this subpoena should be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(B)(i). The subpoena also seeks attorney-client communications and attorney work product protected by the attorney-client privilege and the work product doctrine and, thus, the subpoena must be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii).

In addition, documents potentially responsive to the subpoena are stored in off-site storage facilities and would require hundreds of hours to locate and produce at considerable expense to NSA and NSA, Inc., which are not even parties to the litigation pending in the Eastern District of Pennsylvania. Rule Fed.R.Civ.P. 45(c)(1) requires an attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Given the breadth of the document requests included with the subpoena at issue, it is apparent that counsel violated this duty, subjecting counsel to sanctions under Fed.R.Civ.P. 45(c)(1). In view of the overwhelming burden imposed upon these non-parties, the subpoena should be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv).

The burden imposed upon Movants by Mr. Benton's subpoena is exacerbated by the fact that Barbara Dossey, the only employee with knowledge of the subject matters referenced in the subpoena, is scheduled to undergo surgery on January 28, 2008, assuming she is able after undergoing extensive medical tests scheduled for January 25, 2008, following which she will be on a medical leave of absence. (See Affidavit attached hereto as Exhibit "B") In view of her medical condition Ms. Dossey cannot appear for deposition on January 25, 2008, as commanded in the subpoena at issue and, thus, she should be relieved of this burden pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv). Similarly, because Ms. Dossey is the only employee of NSA or NSA, Inc. with knowledge of the subject matter of the subpoena, NSA and NSA, Inc. are unable to produce

witnesses as demanded on January 25, 2008. Thus, the subpoena should be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv).

For all of the foregoing reasons, NSA, NSA, Inc. and Barbara Dossey respectfully request that the Honorable Court enter an Order in the form attached hereto, quashing the subpoena issued by Mr. Benton and relieve them of the heavy burden of responding thereto.

Respectfully submitted,

By: /s/ Harry M. Stern
Harry M. Stern
Bar No. 20826
10400 Connecticut Ave., #405
Kensington, MD 20895
Phone: 301-946-6857
Fax : 301-942-8619
E-mail: HSTERN516@aol.com

Counsel for National Sheriffs' Association, National Service Associates, Inc., and Barbara Dossey

Date: January 23, 2008

**CERTIFICATE OF SERVICE**

I, Harry M. Stern, Esquire, hereby certify that on the below date, I forwarded a true and correct copy of National Sheriffs' Association, National Service Associates, Inc. and Barbara Dossey's Motion To Quash Subpoena, along with the accompanying non-party memorandum of points and authorities and exhibit, as follows:

*By electronic mail and by regular mail, postage pre-paid upon,*

> Brett N. Benton, Esquire
> Richard M. Ochroch & Associates, P.C.
> 318 S. Sixteenth St.
> Philadelphia, PA  19102
> Email: bbenton@ochroch-law.com

/s/ Harry M. Stern
Harry M. Stern, Esquire

Date:  January 23, 2008

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Columbia Casualty Company, et al.

V.

Joseph Coffman

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ 07-3496
Eastern District of Pennsylvani

TO: Barbara Dossey and the person(s) at National Service Associates, Inc. ("NSA, Inc.") and National Sheriff's Association ("NSA") with the most knowledge regarding: CNA's Law Enforcement and Municipal Insurance Programs; how Law Enforcement Liability Policy #195795604 was written and what changes, if any were made, discussed or considered with the past 10 years how the policy was marketed, the relationship of NSA, Inc. with JWF Specialty Company, NSA, Pennsylvania State Constables Association, CNA and Columbia; and whether or not Policy #195795604 complies with Act 44 and all Pennsylvania statutes related to the payment of commissions for licensed agents and brokers.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  1667 K Street, N.W. Ste. 700<br>Washington, D.C. 20006 | DATE AND TIME<br>1/25/2008 10:00 am |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents set forth in Attachment "A" affixed hereto.

| PLACE  1667 K Street, N.W. Ste. 700<br>Washington, D.C. 20006 | DATE AND TIME<br>1/25/2008 10:00 am |
| --- | --- |

---

RICHARD M. OCHROCH & ASSOC., P.C.
ATTORNEYS AT LAW
318 S. 16TH STREET
PHILADELPHIA, PA 19102

PNC BANK
PNC BANK, N.A.
Philadelphia, PA 020
3-5/310 606

CHECK NO. 20579
020579

Twenty Five ************************************************** 00/100

PAY TO THE ORDER OF

Barbara Dossey

DATE         AMOUNT
Jan 9/2008    $25.00

OPERATING ACCOUNT

AUTHORIZED SIGNATURE

⑆020579⑆ ⑉031000531⑉ 8400446200⑈

EXHIBIT
A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Columbia Casualty Company, et al.

V.

Joseph Coffman

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-3496

Eastern District of Pennsylvania

TO: Barbara Dossey and the person(s) at National Service Associates, Inc. ("NSA, Inc.") and National Sheriff's Association ("NSA") with the most knowledge regarding CNA's Law Enforcement and Municipal Insurance Programs; how Law Enforcement Liability Policy #195795604 was written and what changes, if any were made, discussed or considered with the past 10 years how the policy was marketed, the relationship of NSA, Inc. with FHT Specialty Company, NSA, Pennsylvania State Constables Association, CNA and Columbia; and whether or not Policy #195795604 complies with Act 44 and all Pennsylvania statutes related to the payment of commissions for licensed agents and brokers.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  1667 K Street, N.W. Ste. 700 Washington, D.C. 20006 | DATE AND TIME  1/25/2008 10:00 am |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents set forth in Attachment "A" affixed hereto.

| PLACE  1667 K Street, N.W. Ste. 700 Washington, D.C. 20006 | DATE AND TIME  1/25/2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
attorney for Defendant | 1/16/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brett N. Benton, Esq., 3185 16th Street, Philadelphia, PA 19103 (215) 731-9770

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT "A"

1. All original documents, electronic or paper, in any way relating to the accident of December 12, 2005, including but not limited to all original file folders or file jackets and related folders in which any documents or other items described above are filed and maintained, all written communication between National Services Associates and any third party concerning the processing, acceptance, or denial of any claims, and any and all investigative reports concerning the occurrence in any way relating to the processing or denial of coverage for the December 12, 2005 accident, wherein Joseph Coffman, while operating a motor vehicle, struck and killed Robert Dunlap, a pedestrian.

2. All original files created, pertaining to the accident of December 12, 2005, including but not limited to all correspondence, e-mails, notes, memoranda, correspondence to/from counsel, all medical reports, all inter-office memoranda or statements or other written forms or written communication of any employee or agent of National Service Associates relating to the initial and continued processing of Joseph Coffman's claim(s) and/or the accident of December 12, 2005, including but not limited to documents that relate to coverage for this accident.

3. All correspondence and documents of any nature whatsoever, exchanged, received and/or sent to the Pennsylvania State Constables Association ("PSCA"), Emil Minnar, CNA Insurance Company Casualty Company, Columbia, JWF Specialty Company, National Sheriff's Association, National Service Associates, Inc., and all applications for insurance policy number 195795604, and any other policies of insurance, submitted by Joseph Coffman or the PSCA

4. All correspondence, e-mails, brochures, advertisements, or solicitations provided to the Pennsylvania State Constables Association and/or provided to its members.

5. All sales manuals, documents, or promotional material provided to constables, sales agents, the Pennsylvania State Constables Association, or Constable Associations throughout the country, regarding the sale of Law Enforcement Liability policies for those associations for the past five (5) years, including but not limited to any changes or alterations to those sales manuals.

6. All letters, memoranda or other documentation relating to state administrative or other governmental review of Columbia Casualty Company, CNA Insurance Company and/or JWF Specialty Company's claim practices.

7. All letters, memoranda or other documentation relating to state administrative or other governmental review of National Service Associates insurance sales and administration practices.

8. Copies of all complaints filed with the insurance departments of any state by insureds against National Service Associates or National Sheriff's Association

9. Any and all documents of any nature whatsoever that support your contention, if any, that the automobile exclusion in policy number 195795604, was disclosed to the Pennsylvania State Constables Association, Joseph Coffman, or Bucks County.

10. Any and all e-mails, memos, letters, memoranda of law, or opinions of counsel whatsoever concerning the need to provide notice to the Pennsylvania State Constables Association, Joseph Coffman and/or Bucks County that an additional policy of insurance is required in order to comply with state law.

11. All correspondence, contracts, e-mails or memoranda of any nature whatsoever concerning or with the National Sheriff's Association, including but not limited to all documents concerning insurance policies, premiums and fees.

12. All correspondence, e-mails or memoranda of any nature whatsoever concerning or with the Pennsylvania State Constables Association, Columbia Casualty Company, CNA Insurance Company and/or JWF Specialty Company concerning Law Enforcement Liability Insurance policies, including but not limited to all documents concerning insurance policies, premiums, and fees.

13. Copies of any lawsuits (Complaints only) filed against National Service Associates or National Sheriff's Association arising from CNA's Law Enforcement or Municipal Insurance Programs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NATIONAL SHERIFFS' ASSOCIATION, NATIONAL SERVICE ASSOCIATES, INC. AND BARBARA DOSSEY<br><br>Non-Parties,<br>v.<br><br>JOSEPH COFFMAN,<br>721 Garden Street<br>Brisol, PA 19007<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AFFIDAVIT OF BARBARA DOSSEY

STATE OF VIRGINIA)
              )ss:
COUNTY OF _____ )

**Barbara Dossey**, of full age, being duly sworn according to law and upon this oath, deposes and states the following:

1. I am Insurance Manager for the National Sheriffs' Association ("NSA") and its affiliate, National Service Associates, Inc. ("NSA, Inc.").

2. National Sheriffs' Association is a non-profit corporation organized and existing under the laws of the State of Virginia and maintains its principal place of business at 1450 Duke Street, Alexandria, Virginia 22314.

3. National Service Associates, Inc. is a corporation organized and existing under the laws of the State of Virginia and maintains its principal place of business at 1450 Duke Street, Alexandria, Virginia 22314.

EXHIBIT
B

4. On January 15, 2008, NSA, NSA, Inc. the undersigned was served with a three subpoenas, seeking the production of documents and the deposition testimony of witnesses on January 25, 2008, with regard to litigation pending in the United States District Court for the Eastern District of Pennsylvania, captioned *Columbia Casualty Co., et al v. Joseph Coffman*, U.S.D.C. Eastern District of Pennsylvania, No. 07-3496 ("the Pennsylvania litigation"). The subpoenas were issued from the United States District Court for the District of Columbia by Brett Benton, Esquire of the law office of Richard M. Ochroch & Associates, P.C. in Philadelphia, Pennsylvania.

5. NSA, NSA, Inc. and Barbara Dossey are not parties to the Pennsylvania litigation.

6. The subpoenas are oppressively broad and call for the production of voluminous documents related to NSA's and NSA, Inc.'s activities spanning decades with regard to thousands of police officers, sheriffs and constables, as well as the municipalities they serve. Much of this information is confidential to these law enforcement officers and municipalities and proprietary to NSA and NSA, Inc. The subpoena also seeks attorney-client communications and attorney work product protected by the attorney-client privilege and the work product doctrine.

7. Documents potentially responsive to the subpoena are stored in off-site storage facilities in Baltimore, Maryland, and would require hundreds of hours to locate and produce, at considerable expense to NSA and NSA, Inc., which are not even parties to the Pennsylvania litigation.

8. The burden imposed by the subpoenas is exacerbated by the fact that your affiant, the only employee with knowledge of the subject matters referenced in the subpoena, is scheduled for medical procedures on January 25, 2008, preparatory to surgery scheduled for

January 28, 2008, following which your affiant will be on a medical leave of absence. In view of your affiant's medical condition, she cannot appear for deposition on January 25, 2008, as commanded in the subpoena at issue.

9. Similarly, because your affiant is the only employee of NSA or NSA, Inc. with knowledge of the subject matter of the subpoena, NSA and NSA, Inc. are unable to produce witnesses as demanded on January 25, 2008.

10. I hereby state that the foregoing is true and correct to the best of my knowledge, information and belief.

*Barbara Dossey*
BARBARA DOSSEY

Sworn to and subscribed before me
This 22nd day of January, 2008

*Virginia Williamson*   ID# 261149
Notary Public of the
State of __VIRGINIA__

My commission expires: Oct 31, 2010.



3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **IN RE NATIONAL SHERIFFS'** | : | |
| **ASSOCIATION, NATIONAL SERVICE** | : | |
| **ASSOCIATES, INC. AND BARBARA DOSSEY** | : | |
| | : | |
| **Non-Parties,** | : | No._____ |
| v. | : | |
| | : | |
| **JOSEPH COFFMAN,** | : | |
| **721 Garden Street** | : | |
| **Brisol, PA 19007** | : | |
| | : | |
| **Defendant.** | : | |

# O R D E R

AND NOW this \_\_\_\_ day of _____, 2008 upon consideration of National Sheriffs' Association, National Service Associates, Inc. and Barbara Dossey's Motion To Quash Subpoena and any opposition thereto, it is hereby:

ORDERED, ADJUDGED AND DECREED that this Motion is GRANTED and that the subpoena served upon National Sheriffs' Association, National Service Associates, Inc. and Barbara Dossey with regard to the matter pending in the United States District Court for the Eastern District of Pennsylvania and captioned <u>Columbia Casualty Company, et al. v. Joseph Coffman</u>, Civil Action No. 07-3496, is hereby quashed pursuant to pursuant to Fed.R.Civ.P. 45(c)(3)(A)(i), (iii), and (iv) and Fed.R.Civ.P. 45(c)(3)(B)(i).

_____
JUDGE, U. S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

Harry M. Stern
10400 Connecticut Ave., #405
Kensington, MD  20895

Brett N. Benton, Esquire
Richard M. Ochroch & Associates, P.C.
318 S. Sixteenth St.
Philadelphia, PA  19102